## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

LONIE L. JEFFERSON,

               Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

               Defendant.

Case No. 07-CV-592

## OPINION AND ORDER

Plaintiff, Lonie L. Jefferson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1]   Plaintiff's September 29, 2005, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held May 7, 2007.  By decision dated June 27, 2007, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on August 17, 2007.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 53 years old at the time of the hearing.  She has a 9th grade education and formerly worked as janitor.  She claims to have been unable to work since April 1, 2004, as a result of knee pain, disc bulge at C-5, degenerative disc disease, left rotator cuff tear, and obesity.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to:

> occasionally lift and/or carry 25 pounds; frequently lift and/or carry 10 pounds; and stand and/or walk (with normal breaks) at least 6 hours in an 8-hour workday; sit (with normal breaks) at least 6 hours in an 8-hour workday; and avoid working at above shoulder level.

[R. 14].  Plaintiff cannot return to her past relevant work with these limitations.  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to properly analyze the treating physician's opinion; failed to perform a proper credibility analysis; and failed to formulate

2

a proper hypothetical question to the vocational expert.  The Court holds that the decision must be REVERSED and the case REMANDED.   The ALJ failed to perform a proper credibility analysis, failed to either include additional limitations on Plaintiff's use of her left arm in the RFC, or explain why he excluded those limitations, and failed to properly analyze the treating physicians' opinions and records.

The ALJ found that Plaintiff's complaints of pain were not credible as follows:

> The Administrative Law Judge does not discount all of the claimant's complaints.  In view of her injuries, she would undoubtedly have some pain.  However, an individual does not have to be entirely pain free in order to perform work activity.  The claimant's daily activities appear restricted, but these restrictions are self imposed.  There is no evidence that the claimant has been told to do nothing all day.  Given the objective medical evidence in the record, the Administrative Law Judge finds that the claimant's residual functional capacity is reasonable and that the claimant could function within those limitations without experiencing significant exacerbation of her symptoms.  Two medical experts with the State Agency also determined that the claimant could perform light work.

[R. 17].

Credibility decisions are entirely within the province of the ALJ as the Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility.  *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986).  Credibility determinations made by an ALJ are generally treated as binding upon review.  *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).  According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4.  It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to

3

substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).  The Court finds that the ALJ did not comply with the legal standards of SSR 96-7p or *Kepler.*

The record reflects that Plaintiff takes a muscle relaxant, which she claims "makes me so I can't even remember my name," [R. 85], and that she takes Lortab, which she claims "makes me sleepy," [R. 90].  The ALJ rejected Plaintiff's claim of memory loss, but did not address Plaintiff's use of medication or the claimed side effects in his decision despite her testimony that the medication probably effected her ability to concentrate. [R. 285]. In this case an appropriate credibility analysis would include an analysis of Plaintiff's use of pain medication and the claimed side effects.

The ALJ stated that he relied upon the reports of State Agency medical experts who expressed the opinion that Plaintiff could perform light work.  In the narrative portion of the State Agency medical expert's report the reviewing physician explained how and why the evidence supports the conclusions reached.   In the December 21, 2005, report the reviewing physician states: "ADL's note that the claimant can cook, do laundry iron clothes, drive a care [sic], shop in stores and sew." [R. 184].  The record does not support that statement.  In the Function Report dated October 24, 2005, Plaintiff states: she used to clean houses, but now cannot even clean her own, [R. 73]; for meals she can fix something simple like sandwiches or beans, [R. 74]; she can't do much laundry and can iron 2 or 3 pieces before she has to stop due to pain, *Id.;* she cannot drive far, [R. 75]; and can only walk about a half a block, *Id.*; she used to sew, but cannot sit long enough to sew now, [R. 76].  The second State Agency report consists only of a statement that the medical evidence in the file has been reviewed and the previous assessment is affirmed as written.

4

[R. 191].  The ALJ's reliance on the State Agency medical expert reports is faulty because those reports are not supported by substantial evidence in the record.

The State Agency expert noted that the record supported "[l]imitations on flexing and extending back and reaching about head with left arm," and "claimant should not do repetitive work with left shoulder." [R. 184].  Although the ALJ stated he relied upon the State Agency expert reports and rejected the treating physicians' opinions in favor of those reports, the ALJ provided no explanation for why the RFC does not contain the more restrictive limitations contained in those reports.

The ALJ's decision explains the basis for denying controlling weight to the opinions of Plaintiff's treating physicians.  However, even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003)(quotation omitted).  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *Id.* at 1300-01 (quotation omitted).

The ALJ's decision contains no discussion of the foregoing factors.  Dr. Hastings evaluated Plaintiff on several occasions between March 2004 and November 2006.  Some of his reports contain detailed results of physical examination and range of motion testing.

Yet, the ALJ's decision does not contain a discussion of the content of those reports. There is, therefore, no means for the Court to evaluate whether the ALJ's analysis comports with the requirements of 20 C.F.R. § 404.1527.  On remand, the ALJ is required to fully discuss his treatment of the treating physician's opinions.

Based on the foregoing, the Court finds that the decision must be REVERSED and the case REMANDED for further proceedings.  On remand the ALJ is required to supply the rationale for his denial decision in accordance with the regulations and court decisions.

SO ORDERED this 20th day of February, 2009.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE